In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00211-CR
______________________________


BOB HAROLD LEACH, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 17,101-2002


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Bob Harold Leach pled guilty to the offense of aggravated kidnapping and asked the trial
court to assess punishment. Leach had no negotiated plea agreement with the State. The trial court
assessed Leach's punishment at imprisonment for life. In a single issue on appeal, Leach contends
the State failed to provide adequate notice of its intent to introduce evidence of an extraneous crime
or bad act, and, accordingly, the trial court erred by admitting evidence of that extraneous offense
in violation of Article 37.07 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc.
Ann. art. 37.07 (Vernon Supp. 2004). Because Leach failed to request such notice, he was not
entitled to it. Therefore, we affirm the trial court's judgment. 
Â Â Â Â Â Â Â Â Â Â Â Â Article 37.07, Section 3(g) states that a request is necessary:
On timely request of the defendant, notice of intent to introduce evidence under this
article shall be given in the same manner required under Rule 404(b), Texas Rules
of Criminal Evidence. If the attorney representing the state intends to introduce an
extraneous crime or bad act that has not resulted in a final conviction in a court of
record or a probated or suspended sentence, notice of that intent is reasonable only
if the notice includes the date on which and the county in which the alleged crime or
bad act occurred and the name of the alleged victim of the crime or bad act. The
requirement under this subsection that the attorney representing the state give notice
applies only if the defendant makes a timely request to the attorney representing the
state for the notice.
Â 
Tex. Code Crim. Proc. Ann. art. 37.07, Â§ 3(g) (emphasis added).
Â Â Â Â Â Â Â Â Â Â Â Â The record in this case contains no evidence Leach sent a self-executing letter to the State
requesting advance notice, pursuant to Article 37.07, of the State's intent to introduce extraneous
offense evidence at trial. Nor is there any evidence in the record that Leach made such a "timely
request" of the State. As such, the State had no duty to provide notice under Article 37.07 of the
State's intent to introduce evidence of an extraneous offense. See Hartson v. State, 59 S.W.3d 780,
787 (Tex. App.âTexarkana 2001, no pet.). Absent such an obligation, the defendant cannot claim
error on appeal regarding the adequacy of any voluntary Article 37.07 notification provided by the
State.
Â Â Â Â Â Â Â Â Â Â Â Â We overrule Leach's sole point of error and affirm the trial court's judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â July 15, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â July 21, 2004

Do Not Publish




tion Locked="false" Priority="60" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Shading Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00040-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  CALVIN WAYNE BURNHAM,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 123rd
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Panola County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 2005-C-0003

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINIO N

Â 

Â Â Â Â Â Â Â Â Â Â Â  Calvin Wayne
Burnham appeals from his convictions by the trial court on four charges of
aggravated sexual assault of a child and four charges of indecency with a
child.Â  Burnham has filed a single brief,
in which he raises issues common to all of his appeals.[1]Â  He argues that the trial court committed
reversible error in considering evidence from a previous revocation hearing
when granting the StateÂs second amended motion to adjudicate guilt and in
admitting the results of a polygraph examination.Â  Burnham also complains that the evidence was
insufficient to establish that he violated any conditions of his community
supervision. 

Â Â Â Â Â Â Â Â Â Â Â  We addressed
these issues in detail in our opinion of this date on BurnhamÂs appeal in cause
number 06-10-00038-CR.Â  For the reasons
stated therein, we likewise conclude that reversible error has not been shown
in this case.

Â Â Â Â Â Â Â Â Â Â Â  We affirm
the trial courtÂs judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  December
14, 2010Â Â Â Â  

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  December
15, 2010

Â 

Do Not Publish

Â 

Â 

Â 

Â 

OPINION ON REHEARING

Â Â Â Â Â Â Â Â Â Â Â  In the
above-captioned case, we affirmed Calvin Wayne BurnhamÂs conviction of four
counts of aggravated sexual assault and four counts of indecency with a child,
his stepdaughter.Â  Burnham has filed a
single motion for rehearing in all of his cases asking that this Court rehear
the matter.[2]Â  Specifically, he alleges that the State
violated Article 42.12, Section 21(b) of the Texas Code of Criminal Procedure
in amending its motion to adjudicate guilt Âafter the commencement of taking
evidence at the hearing.ÂÂ  Â Tex.
Code Crim. Proc. Ann. art. 42.12, Â§ 21(b) (Vernon Supp.
2010).Â  

Â Â Â Â Â Â Â Â Â Â Â  We addressed
these issues in detail in our opinion on rehearing of this date on BurnhamÂs
appeal in cause number 06-10-00038-CR.Â 
For the reasons stated therein, we likewise conclude that BurnhamÂs
complaint on rehearing was not preserved for our review.

Â Â Â Â Â Â Â Â Â Â Â  We deny the
motion for rehearing.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date:Â Â  January 26,
2011

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  

Â 

Â 











[1]Burnham
appeals from four convictions for aggravated sexual assault of a child and four
convictions for indecency with a child, cause numbers 06-10-00038-CR through 06-10-00045-CR.






[2]Burnham
seeks rehearing of our opinions affirming four convictions of aggravated sexual
assault of a child and four convictions of indecency with a child, cause
numbers 06-10-00038-CR through 06-10-00045-CR.